UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

LEARNING EXPRESS, INC.
    Petitioner,

v.

CEE TOYS, INC.,
    Respondent.

CASE NO. 04-11977 PBS

RECEIPT # 58634
AMOUNT $150
SUMMONS ISSUED Yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 9/13/04

## VERIFIED PETITION FOR ORDER COMPELLING ARBITRATION

NOW COMES, the Petitioner, Learning Express, Inc. ("Petitioner") pursuant to 9 USC §4, and hereby petitions the Court as follows:

### I.  THE PARTIES

1.  The Petitioner Learning Express, Inc. is a Massachusetts corporation with a principal place of business in Ayer, Massachusetts. The Petitioner operates a nationwide retail toy business, principally through franchisees.

2.  The Respondent Cee Toys, Inc. ("Respondent") upon information and belief is a California corporation with a principal place of business in the County of Los Angeles, California. Respondent is a regional franchisee of the Petitioners for the territory defined as Los Angeles, Orange, and Ventura counties within the State of California.

### II.  JURISDICTION

3.  This Court has jurisdiction over this matter by virtue of the Federal Arbitration Act 9 USC §1 et. seq.

{13827\69768\A0075839.1}

4. This Court has independent diversity jurisdiction over the parties pursuant to 28 USC §1441.

### III. BACKGROUND

5. On or about July 29, 1995, Learning Express, Inc. entered into a written Franchise License Agreement with Cee Toys, Inc. The Franchise License Agreement is attached hereto as Exhibit A.

6. On page 30 of the Franchise License Agreement, the parties expressly agreed that any dispute between them would be settled by arbitration. In addition, the arbitration provision expressly provides:

   a. That any arbitration shall take place within the Commonwealth of Massachusetts. The relevant provision states:

> "arbitration will take place in Massachusetts, or at our sole discretion, the site of the arbitration proceedings may be in the state in which your territory is located. We may mutually agree the site is to be somewhere else. We reserve the right to insist on the above arbitration sites, <u>regardless of any limitations which state law may set out</u>, where federal law allows us to do so." (emphasis added).

   b. The agreement to arbitrate shall be governed by the Federal Arbitration Act. The actual provision states:

> "Not withstanding (*sic*) any provision of this agreement relating to under which state laws this agreement will be governed by and construed, all issues relating to arbitrability or the enforcement of the agreement to arbitrate contain will be governed by the Federal Arbitration Act (9 USC Ch. 1 et. seq.), and the Federal Common Law of Arbitration."

   c. Page 29 of the Franchise License Agreement sets forth that the laws of the Commonwealth of Massachusetts shall control the construction of the Franchise License Agreement.

7. Notwithstanding its express written agreement to arbitrate any dispute under the Franchise License Agreement, the Respondent Cee Toys, Inc. initiated a civil action on or about June 10, 2004 in the Los Angeles Superior Court, Central Branch, in the State of California, alleging breaches of the Franchise License Agreement by Learning Express, Inc. A copy of the Los Angeles Superior Court Complaint is attached hereto as Exhibit B.

## IV. PRESENT DISPUTE

8. Subsequent to bringing the civil complaint in the Los Angeles County Superior Court, Cee Toys, Inc. agreed that the matter could be submitted to arbitration, but has insisted, notwithstanding the express terms of the Franchise License Agreement, that any arbitration take place within the State of California.

9. Cee Toys, Inc., in spite of the express language contained in the Franchise License Agreement that the Federal Arbitration Act would govern all issues relating to the arbitrability of the dispute or the enforcement of the License Agreement terms, relies on a California State Statute providing that any venue provision in a franchise agreement restricting venue to somewhere other than California shall be void. The actual provision states as follows:

> "A provision in a franchise agreement restricting venue to a forum outside this State is void with respect to any claim arising under or relating to a Franchise Agreement involving a franchise business operating within this State." Cal. Bus. and Prof. Code §20040.5."

10. Federal case law could not be clearer that the Federal Arbitration Act (9 USC §1 et. seq.) preempts state statutes such as the California Code provision at issue in the present case, which attempt to limit forum selection clauses in Franchise Agreements.

In our jurisdiction, the First Circuit has clearly held, in dealing with a Rhode Island Statute virtually identical to the California Statute Section 20040.5, that the Rhode Island Franchise Investment Act was unenforceable as to any provision which would restrict jurisdiction or venue of an arbitration to a forum outside of Rhode Island. <u>KKW Enters., Inc. v. Gloria Jean's Gourmet Coffee Franchising Corporation</u>, 184 F3rd 42 (1st Cir. 1999).

11. Moreover, the very statute involved in this case, Cal. Bus. and Prof. Code §20040.5 has been pre-empted as applying to a parties' arbitration agreement to arbitrate all disputes in a state outside of California. <u>Bradley v. Harris Research, Inc.</u>, 275 F3rd 884 (9th Cir. 2001). The holdings in the First Circuit and the Ninth Circuit are consistent with other circuits where other state laws have attempted to mandate arbitration forums. <u>OPE Int'l LP v. Chet Morrison Contractors, Inc.</u>, 258 F3rd 443 (5th Cir. 2001); <u>Doctor's Assocs., Inc. v. Hamilton</u>, 150 F3rd 157 (2nd Cir. 1998).

12. The Licensing Franchise Agreement in the present case expressly calls on the Federal Arbitration Act to control all issues related to arbitrability and the enforcement of the parties' contractual arbitration provision. The Petitioner seeks no more than to enforce what it contractually bargained for with the Respondent in executing the Franchise License Agreement.

13. Clearly, the parties to this dispute are engaged in interstate commerce as the Franchise License Agreement envisions goods and services being provided between Massachusetts and California. The Federal Arbitration Act clearly sets forth that:

> "A written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration ... controversy thereafter arising out of such contractor transaction, or the refusal to perform the whole or any part thereof ... <u>shall be valid, irrevocable, and enforceable, save upon grounds that exist at law or in equity for the revocation of any contract</u>." 9 USC §2 (emphasis added).

Section 2 of the Federal Arbitration Act clearly "signals an intent to exercise Congress' commerce power to the full. <u>Allied – Bruce Terminix Companies v. Dobson</u>, 513 US 265 (1995) (finding that the FAA governed every contract that in fact affected or involved interstate commerce).

14. The Federal Arbitration Act expressly requires the Federal Court to order the arbitration hearing and proceedings to proceed "within the district in which the petition for an order directing such arbitration is filed" 9 USC §4.

15. The parties agreed to arbitrate any dispute under the Franchise License Agreement within the Commonwealth of Massachusetts. Respondent Cee Toys, Inc. first violated that Agreement by filing a civil action in the Los Angeles County Superior Court, and thereafter has attempted to violate the contractual arbitration provision using the California State Statute as a shield to allow the arbitration to proceed in California. The Federal Arbitration Act and the controlling case law thereunder, clearly preempts such state statutes from being used to alter the contracting parties' express intent.

WHEREFORE, the Petitioner prays this Honorable Court for:

a. An order compelling that the dispute between the parties be submitted to arbitration;

b. Pursuant to 9 USC §4, order that the arbitration proceedings commence and be held within the Commonwealth of Massachusetts; and

c. The Court grant whatever additional relief it deems equitable and just.

RESPECTFULLY SUBMITTED
LEARNING EXPRESS, INC.

By their attorneys,

*[signature]*

George R. Moore, BBO #656102
DEVINE, MILLIMET & BRANCH, PA
300 Brickstone Square, 9th Floor
P.O. Box 39
Andover, MA 01810
(978) 475-9100

## VERIFICATION

I Joseph Diaz, President of Learning Express, Inc., hereby verify that the facts set forth in the Verified Petition For Order Compelling Arbitration, are true and accurate to the best of my knowledge.

Dated: September 13, 2004

_____
Joseph Diaz, President
Learning Express, Inc.